IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT OFFICE

| | |
|---|---|
| **RODGER HOOKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| **JACOB LAW GROUP, PLLC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, RODGER HOOKER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, JACOB LAW GROUP, PLLC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

4.    RODGER HOOKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Owosso, County of Shiawassee, State of Michigan.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Money Bank (hereinafter "GE").

1

6. The debt that Plaintiff allegedly owed GE was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. JACOB LAW GROUP, PLLC., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Michigan. Defendant is registered as a Professional Limited Liability Company in the State of Massachusetts.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

#### IV.     ALLEGATIONS

14.     On or about November 21, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect a debt Plaintiff allegedly owed to GE. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

15.     Defendant, in the correspondence, dated November 21, 2011, stated Plaintiff owed a balance of $842.37 relative to the debt on which Defendant was attempting to collect.

16.     On or about March 7, 2012, Brightwater sent Plaintiff a correspondence in an attempt to collect a debt Plaintiff allegedly owed to GE. (See a true and exact copy of said correspondence attached hereto as **Exhibit B**).

17.     The debt that Brightwater was attempting to collect from Plaintiff that he allegedly owed to GE was the same debt on which Defendant was previously attempting to collect from Plaintiff.

18.     Brightwater, in the correspondence, dated March 7, 2012, stated Plaintiff owed a balance of $839.61 relative to the debt on which Defendant was attempting to collect.

19.     From on or about November 21, 2011, when Plaintiff received the correspondence from Defendant, delineated above, through on or about March 7, 2012, Plaintiff did not make any payments relative to the debt he allegedly owed to GE.

20.     Given that on or about November 21, 2011, Defendant stated Plaintiff owed a debt to GE in the amount of $842.37 and that or about March 7, 2012, Brightwater stated Plaintiff only $839.61 relative to the same debt, upon information and belief, at the time Defendant represented Plaintiff owed a debt in the amount of $842.37, Plaintiff did not owe the aforesaid amount.

21. Upon information and belief, on or about November 21, 2011, Plaintiff owed less than $842.37 relative to the debt on which Defendant was attempting to collect from Plaintiff.

22. Upon information and belief, on or about November 21, 2011, at the time Defendant represented Plaintiff owed $842.37 to GE, Plaintiff owed less than the aforesaid amount.

23. Defendant's representation that Plaintiff owed $842.37 on November 21, 2011, was false, deceptive and/or misleading given that at the time Defendant made the aforesaid representation, upon information and belief, Plaintiff owes less than $842.37.

24. Defendant's representation that Plaintiff owed $842.37 on November 21, 2011, misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that at the time Defendant made the aforesaid representation, upon information and belief, Plaintiff owes less than $842.37.

25. In its attempts to collect the debt allegedly owed by Plaintiff to GE, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RODGER HOOKER, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **RODGER HOOKER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: April 26, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithlaw.us